STATE OF NORTH CAROLINA ON RELATION OF THE BANKING COMMISSION, AND PEOPLES BANK AND TRUST COMPANY v. LUCAMA-KENLY BANK

No. 7310SC191

(Filed 14 March 1973)

**Banks and Banking § 1— application to establish branch bank — findings as to solvency of new branch and existing bank**

In a proceeding upon an application to establish a branch bank, the record supports the Banking Commission's findings that the probable volume of business and reasonable public demand in the primary

service area of the proposed branch are sufficient to assure and maintain the solvency of the new branch and that of the existing bank in the community. G.S. 53-62(b).

APPEAL by Lucama-Kenly Bank from a judgment of *Canaday, Judge,* 2 October 1972 Session of Superior Court held in WAKE County.

On 22 February 1972, Peoples Bank and Trust Company applied to the Commissioner of Banks for authority to establish a branch bank in Bailey. Lucama-Kenly protested the application in proceedings before the Commission. The application was approved. Under the provisions of G.S. 143-306, *et seq.*, Lucama-Kenly filed a petition for judicial review in the Superior Court of Wake County. Judgment was entered affirming the decision of the Banking Commission and Lucama-Kenly, the protestant bank, appealed.

*Sanford, Cannon, Adams & McCullough by Hugh Cannon, E. D. Gaskins, Jr., and Robert W. Spearman, for applicant appellee.*

*Jordan, Morris and Hoke by John R. Jordan, Jr., and William R. Hoke; J. Russell Kirby, attorneys for defendant appellant.*

VAUGHN, Judge.

Any bank doing business under the provisions of Chapter 53 of the General Statutes of North Carolina may establish branches after obtaining the written approval of the Commissioner of Banks. Approval may be granted or withheld by the Commissioner *in his discretion.* G.S. 53-62. The applicable statute further provides:

"The Commissioner of Banks, in exercising such discretion, shall take into account, but not by way of limitation, such factors as the financial history and condition of the applicant bank, the adequacy of its capital structure, its future earnings prospects, and the general character of its management. Such approval shall not be given until he shall find (i) that the establishment of such branch or teller's window will meet the needs and promote the convenience of the community to be served by the bank, and (ii) that the probable volume of business and reasonable public demand in such community are sufficient to assure and main-

tain the solvency of said branch or teller's window and of the existing bank or banks in said community."

*    *    *

"(f) Any action taken by the Commissioner of Banks pursuant to this section shall be subject to review by the State Banking Commission which shall have the authority to approve, modify or disapprove any action taken or recommended by the Commissioner of Banks."

Unless otherwise provided by statute, final administrative decisions may be judicially reviewed under the provisions of Article 33 of Chapter 143 of the General Statutes. Lucama-Kenly Bank argues that the decision of the Banking Commission is (1) unsupported by competent, material and substantial evidence in view of the entire record and (2) is arbitrary or capricious [G.S. 143-315(5)(6)] and that the Superior Court was in error when it failed to so hold.

The record discloses that, in exercising his discretion, the Commissioner took into account the financial history and conditions of the applicant bank, the adequacy of its capital structure and its future earning prospects and found them to be satisfactory and further found that the applicant's management was capable. These findings are supported by the evidence and do not appear to be seriously questioned by protestant.

Some of the findings of the Commission may be summarized as follows.

Applicant has its principal office in Rocky Mount and operates 32 banking offices in 16 communities in eastern North Carolina. It is the 12th largest bank in the State. Protestant has its principal office in Lucama and operates two additional banking offices in Kenly and Bailey. It has received approval to establish a third branch in Sims in Nash County. The "primary service area" of the proposed branch extends approximately 6.3 miles north, 4.1 miles east, 5.8 miles south and 2.5 miles west from the town of Bailey and contains between 5,378 and 6,918 people. Applicant already has considerable amount of existing business in the area. For example, applicant has 488 deposit accounts totaling $812,318 and 200 loan accounts totaling $274,135, all within the primary service area of the proposed branch, and presently has a branch located at Middlesex which is five miles west of Bailey. There is little evidence of economic

growth in the Bailey community which has declined in population in recent years. Middlesex, however, located only five miles to the west, has succeeded in achieving healthy economic growth and has attracted both retail businesses and industries. Applicant has been instrumental in the economic growth of Middlesex, not only by making loans but by the participation of its management in assuming active and vigorous leadership in the economic growth of the community. Similar participation by the applicant in Bailey will tend to be beneficial and will stimulate the economic growth thereof.

Applicant presented a large number of witnesses whose testimony provided competent, material and substantial evidence that the proposed branch would meet the needs and promote the convenience of the community. Some witnesses testified as to general as well as specific dissatisfaction with the attitude of and services available through protestant. There was other evidence tending to show the need for specific banking services not available through protestant and for which it is presently necessary to travel elsewhere.

Officers of protestant admitted that, in the past, they had not provided the service that they should have provided but contended, and offered evidence which tends to show, that there has been a change of attitude and an improvement in services. The Commission found that an examination of the range of banking services presently offered by protestant discloses that such services are consistent with those offered by other North Carolina banks of comparable size but that there are a number of banking services which are not available through protestant's bank but which will be available through the applicant as well as some services which are quantitatively superior; although protestant is currently attempting to improve its conservative loan policies, on April 30, 1972, the Bailey branch of protestant had a loan to deposit ratio of approximately 20%; the State average of loans to deposits on April 18, 1972 was 61.9%.

The Commission found that the additional competition which will result from the location of the proposed branch in the Bailey community will not only stimulate the economy but also insure that Lucama continues to upgrade and improve the quality and quantity of its banking services and facilities. In this connection the evidence discloses that, whether stimulated by the prospect of increasing competition or a change in man-

agement and beneficial ownership, protestant has begun to make dramatic changes in its banking policies and posture in the community.

Although protestant contended that the profitability of its branch at Bailey would be affected by the location of applicant's proposed branch, it admitted that its profitability would also be affected by the construction of its own new banking house at Bailey as well as its new branch at Sims. In this connection it is worthy of note that construction of protestant's new facility at Bailey was started after the filing of the application under consideration and that application for protestant's new branch at Sims, approximately three miles east of Bailey, was also made after the present application. In any event, the record supports the Commission's findings that the probable volume of business and reasonable public demand in the primary service area are sufficient to assure and maintain the solvency of applicant's new branch and that of the existing bank in the community, as required by G.S. 53-62(b).

The record of the proceedings before the Commission is bulky and we have considered it in detail. It is clear to us that the Commission diligently applied itself to its statutory duties. We hold that the decision is supported by competent, material and substantial evidence in view of the entire record and that it is neither arbitrary nor capricious. The judgment of Judge Canaday from which protestant appealed is affirmed.

Affirmed.

Judges BROCK and GRAHAM concur.